In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3043

CERTAINTEED CORPORATION,

*Plaintiff-Appellant,*

*v.*

JEROME O. WILLIAMS, JR.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 06 C 2992—**James F. Holderman**, *Chief Judge.*

ARGUED FEBRUARY 5, 2007—DECIDED MARCH 22, 2007

Before EASTERBROOK, *Chief Judge*, and ROVNER and
SYKES, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* Both CertainTeed Corpora-
tion and IKO Industries Ltd. make roofing tiles. Jerome
Williams managed one of CertainTeed's plants in Texas
from 2002 through April 2006, when he transferred his
flag to IKO, becoming manager of its new plant in
Kankakee, Illinois. CertainTeed then filed this suit
under the diversity jurisdiction, seeking an injunction to
enforce a promise that Williams had made as a condition
of his promotion to plant manager in 2002. Williams
signed a contract containing this language:

> I shall not, without [CertainTeed's consent] . . .
> during the one year period following termination of

> my employment with the Company, engage in or contribute my knowledge to any work or activity that involves a product, process, apparatus, service or development (i) which is then competitive with or similar to a product, process, apparatus, service or development on which I worked or (ii) with respect to which I had access to Confidential Information while at the Company at any time during the period prior to such termination. The preceding sentence shall not apply if my employment is terminated by the Company without cause. The above one year period shall not run during any period in which I am in violation of this paragraph.

Williams's job as a plant manager for IKO violates this promise. He argues, however, that the promise is invalid under Pennsylvania law, which the contract's choice-of-law clause specifies. (CertainTeed's headquarters are in Pennsylvania.)

After holding a hearing on CertainTeed's request for a preliminary injunction, the district court concluded that Pennsylvania would not enforce clause (i) of the language we have quoted. Although the court deemed clause (ii) valid, and although the evidence establishes (without dispute) that Williams had access at CertainTeed to confidential information that could be put to use at IKO's new plant, the district court declined to provide any relief because CertainTeed did not demonstrate that Williams has used its confidential information in his new job. 2006 U.S. Dist. LEXIS 43199 (N.D. Ill. June 27, 2006). The court credited testimony to the effect that it is possible for Williams to do his job without drawing on confidential knowledge he gained at CertainTeed. That plus the absence of proof that Williams had used confidential information (CertainTeed conceded that it had no such evidence) was dispositive in the district judge's eyes.

Pennsylvania enforces restrictive covenants that are "reasonably necessary for the protection of the employer's protectible business interests" such as trade secrets and other confidential information, if the restrictions "are reasonably limited in duration and geographic extent." *Hess v. Gebhard & Co.*, 570 Pa. 148, 162, 157, 808 A.2d 912 (2002). See also, e.g., *Barb-Lee Mobile Frame Co. v. Hoot*, 416 Pa. 222, 206 A.2d 59 (1965); *Omicron Systems, Inc. v. Weiner*, 860 A.2d 554 (Pa. Super. 2004). Williams does not argue that one year is too long, or that the geographic scope is excessive (competition in shingles is national if not international), so the question becomes whether the restriction is "reasonably necessary for the protection of the employer's protectible business interests". In holding clause (ii) valid, the district court gave an affirmative answer. Yet if clause (ii) is valid, why must CertainTeed show that Williams actually used its confidential information? A demand for such proof amounts to saying that Pennsylvania never enforces non-competition clauses and will enforce *only* contracts that limit the misappropriation of trade secrets. That view contradicts *Hess* and the district court's own recognition that clause (ii) is valid as a matter of Pennsylvania law.

One reason why employers solicit promises such as clause (ii) in addition to promises not to use confidential information is that it may be very difficult to show that the ex-employee has used confidential information. Williams has a great deal of information about CertainTeed's manufacturing processes that could be valuable to IKO and that IKO has no other way of learning. (Witnesses testified that manufacturing processes cannot be inferred from inspecting or reverse engineering the finished shingles.) Williams may be tempted to use this knowledge to make his new plant more efficient. Has he yielded to temptation? Unless Williams confesses, CertainTeed may have no way to tell—the same limits on reverse engineer-

ing that prevent IKO from learning how CertainTeed makes its shingles also prevent CertainTeed from learning (from IKO's finished product) whether IKO has used CertainTeed's secret processes.

Keeping a business executive with a wealth of information from taking an equivalent position at a rival is "reasonably necessary for the protection of the employer's protectible business interests" when the executive's use of trade secrets would be hard to detect. The district court did not address the questions whether (a) Williams's position at IKO is one in which he would be tempted to put CertainTeed's information to use, and (b) whether, if a plant manager yielded to this temptation, CertainTeed could detect the transgression. Williams maintains that only "inevitable" use of confidential information allows relief, but that position lacks any footing in Pennsylvania law.

The evidence in the record all but compels an affirmative answer to the first question, which entitles CertainTeed to a preliminary injunction pending a hearing on its request for permanent relief. Question (b) can be addressed at that hearing; for that matter, the parties are free to supplement the record about Question (a).

We vacate the district court's decision and remand for the prompt entry of an appropriate preliminary injunction. The mandate will issue forthwith.

No. 06-3043 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*